IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LORELEI AKI SAKUGAWA an      )      CV. NO.  10-00503 DAE-KSC
individual,                  )
                             )
            Plaintiff,       )
                             )
    vs.                      )
                             )
COUNTRYWIDE BANK F.S.B., a   )
Business Entity, form unknown; )
SERVICE LINK, a Business Entity, )
form unknown; and DOES 1-100, )
inclusive,                   )
                             )
            Defendants.      )
_____ )


ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS COMPLAINT

On January 3, 2011, the Court was scheduled to hear Defendants

Countrywide Bank F.S.B. and Service Link's Motion to Dismiss Complaint.

Plaintiff Lorelei Aki Sakugawa ("Plaintiff") failed to appear at the hearing on

behalf of herself[1]; Patricia McHenry, Esq., appeared at the hearing on behalf of

_____

[1]Three calls were made in the hallway for Plaintiff with no response.  The
Court acknowledges that Plaintiff faxed in a request on December 30, 2010 at 4:36
p.m. to continue the hearing for 7 days.  Given the last minute nature of the
request, and Plaintiff's failure to show good cause for postponement of the hearing,
the request was denied.  Additionally, the Court instructs Plaintiff for future
reference that, according to Local Rule 7.4, an opposition to a motion set for
hearing shall be filed no less than 18 days prior to the date of the hearing, unless

(continued...)

Defendants Countrywide Bank F.S.B. and Service Link (collectively,

"Defendants").  Because Plaintiff did not appear at the hearing, pursuant to Local

Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

After reviewing the supporting memoranda, the Court GRANTS IN PART and

DENIES IN PART Defendants' Motion to Dismiss Complaint.  (Doc. # 8.)  The

Complaint is DISMISSED  as against all Defendants with the exception of

Plaintiff's TILA rescission claim, which survives the Motion to Dismiss.

BACKGROUND

On September 1, 2010, Plaintiff Lorelei Aki Sakugawa ("Plaintiff")

filed a Complaint against Defendants Countrywide Bank F.S.B. ("Countrywide"),

Service Link, and Does 1–100, alleging that Plaintiff had been lured into a

predatory mortgage loan.[2]  ("Compl.," Doc # 1.)  Specifically, Plaintiff's

Complaint alleges Counts: (Count I) Declaratory Relief (Compl. ¶¶ 41–45);

(Count II) Injunctive Relief (id. ¶¶ 46–49); (Count III) Contractual Breach of

---

[1](...continued)
otherwise ordered by the Court, and not on the date of the hearing.

[2] Plaintiff presumably filed the Complaint in this Court on the basis of
diversity jurisdiction pursuant to 28 U.S.C. § 1332, although Plaintiff does not
provide as much in her Complaint.  Plaintiff represents that she is a resident of the
State of Hawaii, that Countrywide has business addresses in Virginia and
California, and that Service Link has a business address in California.  (Compl. ¶¶
1, 4–5.)

Implied Covenant of Good Faith and Fair Dealing (id. ¶¶ 50–56); (Count IV)

Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 57–65); (Count V) Violation

of Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 66–69); (Count

VI) Rescission (id. ¶¶ 70–74); (Count VII) Unfair and Deceptive Business Act

Practices ("UDAP") (id. ¶¶ 75–80); (Count VIII) Breach of Fiduciary Duty (id.

¶¶ 81–85); (Count IX) Unconscionability – UCC-2-3202[3] (id. ¶¶ 86–89); (Count

X) Predatory Lending (id. ¶¶ 90–102); and (Count XI) Quiet Title (id. ¶¶ 103–

106).

   Plaintiff resides in the State of Hawaii.  (Id. ¶ 1.)  Plaintiff entered into

a loan repayment and security agreement on or about November 29, 2007.  (Id. ¶

3.)  Plaintiff executed two notes with Countrywide, the first in the principal amount

of $281,624[4], and the second as a home equity line of credit in the principal

---

   [3]The Court assumes Plaintiff actually means Uniform Commercial Code §
2-302 – Unconscionable Contract or Clause.

   [4]Plaintiff's Complaint states that the amount of the first note is $284,624.
However, Defendants' Motion to Dismiss attaches both mortgages as Exhibits A
and B, and Exhibit A clearly states that the first note was in the amount of
$281,624.  Pursuant to Federal Rule of Evidence 201, the Court takes judicial
notice of the mortgages attached to Defendants' Motion to Dismiss, as they are
"matters of public record" and may be considered on a motion to dismiss.  See Lee
v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a
motion to dismiss a court may properly look beyond the complaint to matters of
public record and doing so does not convert a Rule 12(b)(6) motion to one for

(continued...)

amount of $35,000, both recorded on December 20, 2007 in the Bureau of

Conveyances.  (Motion to Dismiss Complaint, "Mot.," Doc. # 8 at 2.)  The real

property at issue in this loan transaction is located at 480 Kenolio Rd., Apt. 23-

105, Kihei, HI 96753 (the "Subject Property").  (Compl. ¶ 2.)

   Plaintiff alleges that Defendants Countrywide and Service Link

"intentionally concealed the negative implications of the loan they were offering,"

putting Plaintiff in a position of potentially "losing their home to the very entity

and entities who placed them in this position."  (Id. ¶ 16.)  Plaintiff also contends

that Defendants "hold an interest in a loan that was improperly handled from its

inception", and used "acts of deception violat[ing] several statutes and in essence

creat[ing] an illegal loan."  (Id. ¶¶ 18, 23.)  In addition, Plaintiff asserts that

Countrywide "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff

for a loan which [they] knew or should have known that Plaintiff could not qualify

for or afford . . . ."  (Id. ¶ 24.)

---

[4](...continued)
summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282
(9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v.
Solimino, 501 U.S. 104, 111 (1991).

On October 8, 2010, Defendants filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. ("Mot.," Doc. # 8.) No Opposition has been filed by Plaintiff.

STANDARD OF REVIEW

I.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v.

Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud

or mistake, a party must state with particularity the circumstances constituting

fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b)

requires particularized allegations of the circumstances constituting fraud."  In re

GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc),

superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature

of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to

satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express,

Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the

alleged fraud [must] 'be specific enough to give defendants notice of the particular

misconduct . . . so that they can defend against the charge and not just deny that

they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124

(9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir.

7

2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that Defendants' Motion to Dismiss should be granted in part and denied in part. With the

exception of Plaintiff's TILA rescission claim, the Complaint is dismissed as against all Defendants.

I.    Counts I and II: Declaratory Relief and Injunctive Relief

Count I of the Complaint asserts a claim for declaratory relief to prevent Defendants from foreclosing on the Subject Property, because Defendants' interest in the Subject Property has allegedly been rendered void due to violations of law. (Compl. ¶¶ 41–45.)  Count II of the Complaint seeks an injunction preventing Countrywide from proceeding with its foreclosure action and Plaintiff argues that "injunctive relief . . . is necessary and appropriate at this time to prevent irreparable loss to Plaintiff."  (Id. ¶¶ 46–49.)

Plaintiff's requests in Count I and II fail to satisfy the minimum pleading requirements of Rules 8 and 9(b).  Count I alleges that "Defendants did not properly comply with proper delivery procedures under RESPA," and that "Defendants [sic] actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws . . . ."  (Id. ¶¶ 42–43.)  Count II contends that "Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined . . . ."  (Id. ¶¶ 49.)  Here, Plaintiff fails to allege any facts and solely provides legal conclusions regarding Defendants' purported wrongful conduct and

violations of State and Federal laws.  Such legal conclusions are not entitled to an assumption of truth when ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.  As such, Plaintiff's conclusory allegations are insufficient to state a claim for relief.

Additionally, Plaintiff contends, in Count I, that "the Defendants perpetrated a fraudulent loan transaction."  (Compl.  ¶¶ 42.)  To the extent that Plaintiff brings allegations of fraud against Defendants, Plaintiff has failed to satisfy the heightened fraud pleading standard under Rule 9(b).  The Court discusses this at length in Section XI of the instant Order below.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claims for declaratory and injunctive relief.

II.    <u>Count III: Contractual Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Count III of the Complaint alleges that Defendants "willfully breached their implied covenant of good faith and fair dealing," by withholding numerous disclosures; withholding notices with regards to excessive fees and closing costs, below standard and non-diligent underwriting standards, good faith estimates, yield spread premiums, disclosures of additional income due to interest rate increases, failure to disclose when negative credit scores were disseminated, failure to

provide disclosures of business affiliations, kickback feeds and rescission/right to cancel disclosures; and willfully placing Plaintiff in a loan that she did not qualify for and could not afford.  (Compl. ¶ 54.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith.  Haw. Rev. Stat. § 490:1-304.  Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiff fails to allege any specific facts and solely provides legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing.  While Plaintiff provides a laundry list of disclosures and notices allegedly withheld by Defendants, she fails to state how Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing.  Moreover, Plaintiff fails to show that any of the allegedly withheld notices were required under statute or any other law.  Simply making such conclusory allegations is insufficient to properly plead this claim.  Thus, Plaintiff's legal conclusions are entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

III.     Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq.

Count IV of the Complaint alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to provide Plaintiff with all of the required disclosures.  (Compl. ¶¶ 57–65.)  Specifically, Plaintiff alleges that Countrywide failed to provide Plaintiff with "a properly disclosed interest rate, an accurate Good Faith Estimate, disclosures that accurately reflect the legal obligation between the parties, or a disclosure relating to Property/Hazard Insurance, which are all required under the Code of Federal Regulations.  (Id. ¶ 60.)  Plaintiff asserts rescission (Id. ¶ 62) and civil liability (Id. ¶ 63) for the purported TILA violations.  Defendants contend that  Plaintiff's TILA claim for rescission has not been sufficiently pled, and that Plaintiff's TILA claim for damages is barred by the statute of limitations and that equitable tolling does not apply.  (Mot. at 17–23.)  The Court will address these arguments separately.

A.     Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699,

701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California,

784 F.2d 910, 913 (9th Cir. 1986).

Defendants argue that Plaintiff must allege that she is able to tender

the proceeds of the loan, and given that she has failed to do so, her claim for

rescission under TILA fails.  (Mot. at 21–23.)  Defendants cite to a number of

district court decisions which have recently held that in order to maintain a claim

for rescission under TILA, a plaintiff must show an ability to tender the principal

balance of the subject loan.  (Id.)

While the Court acknowledges that Plaintiff's Complaint entirely fails

to plead an ability to tender the full amount of the loan, the Court is not convinced

that Plaintiff is required to make such a pleading.  Defendants are correct in

recognizing that district courts are split in their holdings on this issue, and have

failed to reach a consensus on the TILA rescission pleading requirement.

Compare, e.g., Agustin v. PNC Financial Services Group, Inc., 707 F. Supp. 2d

1080, 1090 (D. Haw. 2010), with <u>Angel v. BAC Home Loan Servicing, LP</u>, 2010 WL 4386775, at *6 (D. Haw. 2010).  However, since no consensus exists, this Court must come to a conclusion after a careful independent review of the relevant case law.

The myriad of interpretations on this issue come from differing readings of the Ninth Circuit's decision in <u>Yamamoto v. Bank of New York</u>, in which the court explained that a district court may alter the rescission procedures described in TILA, and retains "discretion to condition rescission on tender by the borrower of the property he had received from the lender."  329 F.3d 1167, 1171 (9th Cir. 2003).  Courts which require a plaintiff to plead ability to tender have "extended <u>Yamamoto</u> to hold that a claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds."  <u>Avina v. BNC Mortg.</u>, No. C 09-4710 JF (RS), 2009 WL 5215751 at *2 (N.D. Cal. Dec. 29, 2009) (citations omitted).[5]  Courts ruling the opposite have found that "<u>Yamamoto</u> did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded," <u>ING Bank v. Ahn</u>, No. C 09-00995 THE, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009),

_____

[5]The Court cites to unpublished cases here, not as precedent, but to examine the split amongst district courts within the Ninth Circuit as to the TILA rescission pleading requirement.

and that "<u>Yamamoto</u> does not hold that a claim for rescission cannot survive a motion to dismiss until the right to rescind is adjudicated in the plaintiff's favor," <u>Singh v. Wash. Mut. Bank</u>, No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. Aug. 19, 2009).

This Court pays particular attention to <u>Yamamoto</u>'s conclusion that "a court may impose conditions on rescission that assure that the borrower meets her obligations <u>once the creditor has performed</u> its obligations." 329 F.3d at 1173 (emphasis added).  Moreover, <u>Yamamoto</u> suggests that a district court's imposition of a requirement that a plaintiff show an ability to tender is based on the "circumstances" and "evidence" of each case.  <u>Id.</u>  Thus, the Court does not foresee a reasonable method for district courts to impose a pleading requirement on all plaintiffs that ultimately requires a case-by-case analysis.  Additionally, this interpretation of <u>Yamamoto</u> is consistent with the liberal pleading standards under Federal Rule of Civil Procedure 8, and the TILA rescission statute which itself does not contain such a requirement.  <u>See</u> Fed. R. Civ. P. 8; 12 C.F.R. § 226.23(a)(1).

In light of this Court's interpretation of <u>Yamamoto</u> and the TILA rescission pleading requirements, Plaintiff's complaint may not be dismissed at this stage for failure to plead ability to tender loan proceeds.  Additionally, Defendants

do not allege any other deficiency in Plaintiff's TILA rescission claim, and as such, Plaintiff's claim survives Defendants' challenge.

Accordingly, the Court DENIES Defendants' Motion to Dismiss as to Plaintiff's TILA rescission claim.

B.     Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, Plaintiff entered into the loan transaction on November 29, 2007, and initiated the present lawsuit on September 01, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006)

("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  <u>King</u>, 784 F.2d at 915.  However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  <u>See</u> <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiff alleges that Defendants violated TILA by failing to provide Plaintiff with all of the required disclosures.  (Compl. ¶¶ 57–65.)  As in <u>Meyer</u> and <u>Hubbard</u>, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies.  Plaintiff's assertion that Defendants "fail[ed] to effectively provide the required disclosures and notices," (<u>id.</u> ¶ 61) is conclusory and does not justify application of equitable tolling.  Plaintiff offers no explanation as to why she was unable to discover the TILA violations within the one-year statutory period.  Plaintiff's conclusory allegations without more are insufficient for her to invoke the doctrine of equitable tolling.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's TILA damages claim.

IV.    <u>Count V: Real Estate Settlement Procedures Act Violations</u>

Count V of the Complaint alleges that Defendants violated RESPA by "[giving], provid[ing], or receiv[ing] a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or loan origination fees . . . fail[ing] to disclose all affiliated business arrangements to Plaintiff," and "charg[ing] fees in excess of the reasonable value of goods provided and/or services."  (Compl. ¶ 68.)  Defendants assert that

Plaintiff's claims are barred by the statute of limitations and that equitable tolling does not apply.  (Mot. 11–12.)

RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).

Plaintiff fails to cite any specific provision of RESPA that was violated by Defendants, which is grounds for dismissal of the claim, alone.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[6]  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions.  Vague allegations containing mere labels

---

[6]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

While Plaintiff fails to specify under which section of the statute her alleged RESPA claim arises, it appears that Plaintiff is alleging a violation of 12 U.S.C. § 2607, which relates to kickbacks and unearned fees. (See Compl. ¶ 68(b)-(d).) Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than one year before Plaintiff filed the instant action, Plaintiff's claim is barred by the statute of limitations. As discussed above, Plaintiff is not entitled to equitable tolling because she has failed to allege specific facts showing why she could not bring her suit within the limitations period.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to the RESPA claims.

V.    Count VI: Rescission

Count VI of the Complaint alleges that Plaintiff is entitled to rescind her loan under violations of TILA, RESPA, fraudulent concealment, Deceptive Acts and Practices (UDAP), and under public policy grounds. However, rescission is a remedy and not an independent cause of action, thus there must be grounds on which to support an award of rescission. See Bischoff v. Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

For the reasons stated above in the Court's analysis of Plaintiff's TILA claim, Defendants' Motion to Dismiss Plaintiff's TILA rescission claim is denied. However, Plaintiff's claim for rescission under RESPA fails because rescission is not a form of relief offered by the statute. See 12 U.S.C. § 2601–2617. Additionally, as stated above, Plaintiff's claim for RESPA fails, thus any derivative claim fails as well. Plaintiff's third and fourth bases for rescission, fraudulent concealment and UDAP, fail for the reasons discussed below in Sections XI and VI, respectively. Finally, Plaintiff's claim for rescission on "public policy grounds" is wholly unsupported, simply a legal conclusion, and entitled to no weight. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for rescission of the loan.[7]

## VI.    Count VII: Unfair and Deceptive Trade Practices Act ("UDAP") Violations

Count VII of the Complaint alleges that Defendants "violated the Unfair and Deceptive Acts and Practices by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of her home, equity, as well as her past and future investment." (Compl. ¶ 79.) Again, Plaintiff fails to

---

[7]The Court does not construe Count VI: Rescission as a separate claim for TILA rescission, so although Plaintiff's TILA rescission claim survives the instant Motion to Dismiss, Count VI is still dismissed for the aforementioned reasons.

cite any specific provision of the statute that was violated by Defendants, which, as stated above, is grounds for dismissal of the claim.

While Plaintiff fails to cite to any specific statute, Hawaii Revised Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2(a). "Two distinct causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair methods of competition; and (2) claims alleging unfair or deceptive acts or practices."[8] Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344, 1346 (D. Haw. 1996).

Section 480-13 provides a private right of action for violations of section 480-2.[9] Haw. Rev. Stat. § 480-13. To maintain this cause of action, the

_____

[8] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2. Haw. Rev. Stat. § 480-2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010). A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1.

[9] Specifically, section 480-13(a) provides a cause of action for "any person who is injured in the person's business or property by reason of anything forbidden
(continued...)

plaintiff must demonstrate: (1) a violation of section 480-2; (2) injury to the

consumer caused by such a violation;[10] and (3) proof of the amount of damages.

Davis v. Wholesale Motors, Inc., 949 P.2d 1026, 1038 (Haw. App. 1997) (citations

omitted).

Plaintiff's UDAP claim consists entirely of conclusory allegations,

which are insufficient to survive a motion to dismiss. Plaintiff merely provides

that "Defendants failed to undergo a diligent underwriting process . . . failed to

properly adjust and disclose facts and circumstances relating to Plaintiff's

mortgage loan and place Plaintiff in a loan . . . that he [sic] should never have been

approved for." (Compl. ¶ 76.) Plaintiff further alleges that "Defendants used

various rates and charges to disguise the actual payment schedule and loan

amount . . . enjoyed unjust enrichment and have profited and deceptively preyed

upon Plaintiff," and "intentionally concealed business affiliates and rushed the

---

[9](...continued)
or declared unlawful by this chapter," and section 480-13(b) provides a cause of
action for "[a]ny consumer who is injured by any unfair or deceptive act or
practice" in violation of section 480-2. Haw. Rev. Stat. § 480-13(a), (b). The
plaintiff may sue for both injunctive relief and damages under sections 480-13(a)
and (b). Id.

[10] In an unfair method of competition claim, the second element is injury to
the plaintiff's business or property resulting from the section 480-2 violation.
Haw. Med. Ass'n, 148 P.3d at 1216.

closing" of the loan.  (Id. ¶ 77–78.)  Plaintiff fails to specify what "facts or circumstances," or "rates and charges" she is referring to.  She fails to specify any "concealed business affiliates" or how the closing of the loan was rushed.  In sum, Plaintiff utterly fails to elaborate on the basis of these claims or provide any level of factual detail as to Plaintiff's UDAP claim.

Because Plaintiff's Complaint fails to provide any facts as to Defendants' purported unfair or deceptive acts or practices and unfair methods of competition, it fails to state a claim for a UDAP violation.  See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' UDAP claim.

VII.    Count VIII: Breach of Fiduciary Duty

Count VIII of the Complaint states that "Defendant owed a fiduciary duty to Plaintiff and breached that duty by [f]ailing to advise or notify Plaintiff . . . that Plaintiff would or had a likelihood of defaulting on the loan . . . ." (Compl. ¶ 82.)  Defendants argue that they owed Plaintiff no fiduciary duty, and as such, the instant Count should be dismissed.  (Mot. at 13–14.)  Defendants are correct in asserting that there traditionally exists no fiduciary duty between borrowers and lenders.  Unless a special relationship exists between a borrower

24

and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies. <u>Giles v. General Motors Acceptance Corp.</u>, 494 F.3d 865, 883 (9th Cir. 2007); <u>see also</u> <u>Pension Trust Fund for Operation Engineers v. Federal Ins. Co.</u>, 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiff makes no allegations suggestion that her relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship. Simply stating that "[d]efendants owed a fiduciary duty to Plaintiff and breached that duty" is insufficient to establish the existence of a fiduciary duty. Thus, Plaintiff's allegations in Count VIII are wholly conclusory and unsupported. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for breach of fiduciary duty.

VIII.   <u>Count IX: Unconscionability</u>

In Count IX of the Complaint, Plaintiff brings a claim for unconscionability alleging that, "based on the deception, unfair bargaining position, lack of adherence to the [law] . . . the court may find that the loan agreement and trust deed are unconscionable." (Compl. ¶ 89.) According to the

Hawaii Supreme Court, unconscionability is a cause of action[11] asserted to prevent

the enforcement of a contract where, "the <u>clauses</u> are so one-sided as to be

unconscionable under the circumstances existing at the time of the making of the

contract . . . ." (emphasis added) <u>Lewis v. Lewis</u>, 748 P.2d 1362, 1366 (Haw. 1988)

(citations omitted).

      Here, Plaintiff's allegations fail to address any contract terms between

Plaintiff and Defendants, and instead, addresses Defendants' alleged conduct

generally.  These allegations do not speak to any unconscionable terms in the

contract, nor are they limited to behavior that affected the circumstances under

which the contract was made.  For this reason, Plaintiff's contentions in Count IX

fail to state a claim for unconscionability.

      Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiff's claims for unconscionability.

---

[11]Defendants argue in their Motion that unconscionability is not an affirmative claim for relief.  (Mot. at 15.)  While Defendants correctly cite to courts that have found unconscionability to be a defense and not an affirmative claim, <u>see e.g.</u> <u>Gaitan v. Mortgage Elec. Registration Sys.</u>, 2009 WL 3244729, at * 13 (C.D. Cal. Oct. 5, 2009), the Hawaii Supreme Court has addressed unconscionability as a separate cause of action on at least one occasion.  <u>See</u> <u>Thompson v. AIG Haw. Ins. Co.</u>, 142 P.3d 277 (2006).

IX.     Count X: Predatory Lending

Count X of the Complaint contends that Defendants engaged in predatory lending practices by: including excessive closing fees and costs, offering a loan at one rate and then changing the loan program at the last moment, not prominently disclosing the good faith estimate of closing costs, not advising Plaintiff of business affiliations, requiring Plaintiff to pay rates and fees that were not justified by the marketplace, marketing the loan in a way that did not disclose its material terms, basing the loan on a loan application that is inappropriate for the borrower, and underwriting the loan without due diligence.  (Compl. ¶¶ 94–102.)

Despite Plaintiff's laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiff is bringing this claim under.  Plaintiff fails to cite any relevant statute or law under which Defendants' alleged behavior is prohibited.  Aside from citing to the Office of Comptroller of Currency's definition of predatory lending, Plaintiff fails to identify any Hawaii or federal law creating a cause of action for predatory lending.  (Compl. ¶ 91.)  As stated above, Defendants, nor the Court, are required to speculate as to what law Plaintiff is suing under or how Defendants violated such law.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.  As such, Plaintiff's claim for predatory lending fails.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for predatory lending.

X.     Count XI: Quiet Title

In Count XI of the Complaint, Plaintiff seeks to quiet title in the Subject Property via a declaration from the Court that "the title to the Subject Property is vested in Plaintiff alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property . . . ."  (Compl. ¶ 106.)  Under Hawaii Law, an action to quiet title "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, and estate or interest in real property, for the purpose of determining the adverse claim.  Haw. Rev. Stat. § 669-1(a).

Plaintiff states that "Defendants, and each of them, claim an interest in the Subject Property," and that "said Defendants have no legal or equitable right, claim, or interest in the Property."  (Compl. ¶ 105.)  However, this is merely a formulaic recitation of an element of the claim.  Plaintiff fails to plead any facts suggesting what interests are being claimed by Defendants and the nature of those interests.  Throughout the Complaint, Plaintiff makes blanket statements about Defendants without recognizing that Defendants constitute multiple entities.  As

such, the Court is unable to determine what rights and interests in the Subject Property each defendant is claiming, thus Plaintiff's claim for quiet title fails.[12]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim to quiet title.

XI.    Fraud

Throughout Plaintiff's Complaint, she makes various allegations suggesting fraudulent conduct on the part of Defendants.  (See e.g. Compl. ¶¶ 42, 56, 65, 71, 79, 82, 93, 98.)  These allegations are insufficient to meet Plaintiff's burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiff fails to plead the time and place of any alleged fraud and she also does not specify what role each defendant played in the alleged misconduct.  Furthermore, Plaintiff's statements that "Defendants perpetrated a fraudulent loan transaction" (Compl. ¶ 42),  that Defendants' actions were fraudulent and malicious (Compl.

---

[12] Defendants argue, amongst other things, that Plaintiff "has not alleged that she is able to tender the entire amount of her indebtedness."  (Mot. at 31.)  The Court need not reach this argument because of its determination that Plaintiff has failed to state a claim to quiet title.

¶¶ 56, 65), and that Defendants partook in Fraudulent Concealment (Compl. ¶ 71),
are legal conclusions entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as
to any claims made by Plaintiff regarding fraud.

XII.   Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a
claim if provided the opportunity to amend her Complaint.  With the exception of
Plaintiff's TILA rescission claim, which states a valid claim, and Plaintiff's TILA
damages claim under 15 U.S.C. § 1640 and RESPA claim under 12 U.S.C. § 2607,
which are barred as a matter of law by the statute of limitations, the Complaint is
DISMISSED as against all Defendants in this action with leave to amend no later
than 30 days from the filing of this Order.  Failure to do so and to cure the pleading
deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly state how
each of the named defendants have injured her, and it must also clearly identify the
statutory provisions under which Plaintiff's claims are brought.  If Plaintiff
chooses to file an amended complaint, she must (1) follow the directions in this
Order; and (2) be ready, willing, and able to pursue her claims, which includes

30

attending hearings and conferences in person unless there is a legitimate excuse. A

legitimate excuse involves more than being too busy with other matters.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and

DENIES IN PART Defendants' Motion to Dismiss Complaint. (Doc. # 8.) The

Complaint is DISMISSED as against all Defendants with the exception of

Plaintiff's TILA rescission claim, which survives the Motion to Dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2011.

_____
David Alan Ezra
United States District Judge

Sakugawa v. Countrywide Bank F.S.B. et al., Cv. No. 10-00503 DAE-KSC;
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS COMPLAINT